# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JERED GRUSZKA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1532 CAS |
| | ) | |
| KEYLIEN CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on plaintiffs Jered and Angela Gruszka's motion to remand. Defendants oppose the motion and have filed a memorandum in opposition.  In addition, defendants Lisa M. Gleeson and Dawn B. Lounsbury have moved for leave to file their consents to removal out of time. Also pending before this Court is defendants Lisa M. Gleeson and Dawn B. Lounsbury's motion for leave to amend the Notice of Removal.  For the following reasons, plaintiffs' motion to remand will be granted, and defendants' motions for leave will be denied. The case was improperly removed and shall be remanded to state court.

## I.  Background

On May 1, 2013, plaintiffs Jered and Angela Gruszka filed an action against defendants Keylien Corporation ("Keylien"), Dawn B. Lounsbury, and Lisa M. Gleeson in the Circuit Court of St. Louis County, Missouri.  Plaintiffs allege that following the purchase of their home, they discovered extensive mold damage that was not disclosed.  Plaintiffs allege defendants Keylien, the seller, and defendants Loundbury and Gleenson, the seller's real estate agents, knew about or should have know about the mold damage, and they failed to make the proper disclosures.  Plaintiffs allege defendants' actions violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010, et seq. They also allege claims for fraudulent misrepresentation (against Keylien and

Lounsbury), negligent misrepresentation (against all defendants), and civil conspiracy (against all defendants).

Defendants Gleeson and Keylien were served on May 7 and 8, 2013, respectively.  Service was attempted on defendant Lounsbury in Missouri on May 24, 2013, but plaintiffs failed to obtain service.  On May 24, 2013, plaintiffs requested that the court in St. Louis County issue alias summons for service on defendant Lounsbury in Florida.  Plaintiffs obtained service on defendant Lounsbury in Florida on June 28, 2013.  On July 10, 2013, plaintiffs filed a Memorandum of Notice in state court stating that they had obtained service on defendant Lounsbury in Florida.  The Memorandum of Notice was served, via U.S. Mail, on defendants Keylien's and Gleeson's attorneys. All of the defendants answered plaintiffs' petition in state court.  Defendants Keylien and Gleeson filed their respective answers on June 13, 2013.  Defendant Lounsbury filed her answer on July 25, 2013.

On August 8, 2013, defendant Keylien filed a Notice of Removal in this Court.  Defendant Keylien contends this Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The Notice of Removal states that on its face plaintiffs' petition is not removable, in that two of the individual defendants are alleged to be residents of Missouri, as are the plaintiffs. Keylien argues, however, that the petition subsequently became removable because on July 9, 2013, defendant Keylien was served with a Memorandum of Notice indicating that defendant Lounsbury was served in Florida.  Therefore, according to the Notice of Removal, there is now diversity jurisdiction in that plaintiffs are citizens of Missouri, Keylien is a citizen of Nevada and Florida, and Lounsbury is a citizen of Florida. As for defendant Gleeson, the Notice of Removal recognizes that she is a citizen of Missouri, but avers that her citizenship should be disregarded for purposes of removal because "[t]he petition fails to state any facts to establish a reasonable basis to support a legitimate claim

2

against Gleeson."  See Doc. 1 at 2.  In other words, defendant Keylien claims Gleeson was fraudulently joined.[1]

Defendant Keylien filed the Notice of Removal on August 8, 2013, and it is signed by Keylien's attorney, Thomas W. Hayde, only.  The Notice of Removal was served on plaintiffs' attorney, Blake Hill, and Lounsbury and Gleeson's attorneys, Kenneth C. Brostron and Rebecca Christensen.[2]  The Notice of Removal indicates that defendant Lounsbury and Gleeson consent to removal, but no written notices of consent were attached to the Notice of Removal, and counsel for defendants Lounsbury and Gleeson did not sign the Notice of Removal.

On September 6, 2013, plaintiffs filed a motion to remand, which is presently before the Court.  Plaintiffs argue that there are procedural deficiencies in the removal in that the removal was untimely, and all the defendants did not file written notices of consent to remove.  In addition, plaintiffs argue that defendant Gleeson was not fraudulently joined.  On September 9, 2013, defendants Gleeson and Lounsbury filed written notices of consent to remove.  The next day, defendants Gleeson and Lounsbury filed a motion for leave to file their consent notices out of time, a motion that is still pending, and which plaintiffs oppose.  They then filed a response memorandum in opposition to plaintiffs' motion to remand and contemporaneously a motion for leave to amend the Notice of Removal to add their consents and attorneys' signatures, a motion which plaintiffs also oppose.  Defendant Keylien also filed an opposition to the motion to remand, and it filed a memorandum in support of the motion to amend the Notice of Removal.

_____

[1]Interestingly, defendant Gleeson did not move to dismiss the claims against her in state court, but rather she filed an answer in response to plaintiffs' petition.

[2]Rebecca Christensen has not entered an appearance in this Court.

3

## *II.  Discussion*

"Federal courts are courts of limited jurisdiction."  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court. <u>See</u> 28 U.S.C. § 1441(a)  <u>Sheehan v. Gustafson</u>, 967 F.2d 1214, 1215 (8th Cir. 1992). The party seeking removal and opposing a motion to remand bears the burden of establishing federal jurisdiction. <u>In re Bus. Men's Assurance Co. of Am.</u>, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).  Removal statutes are strictly construed and doubts are resolved in favor of remand. <u>Dahl v. R.J. Reynolds Tobacco Co.</u>, 478 F.3d 965, 968 (8th Cir. 2007).

Removal is a statutory right outlined in 28 U.S.C. § 1441 and governed by § 1446. <u>Christiansen v. West Branch Cmty. Sch. Dist.</u>, 674 F.3d 927, 932 (8th Cir. 2012). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal "shall be filed within 30 days" from the time the defendant is served with the complaint. 28 U.S.C. § 1446(b)(1).  If the case is not initially removable when filed and it becomes subsequently removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Section 1446(b)(3). Section 1446(b)(2)(C) provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may

4

consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."

In general, "all defendants must join in a notice of removal or the case will be remanded" pursuant to the rule of unanimity. Marano Enter. of Kansas v. Z–Teca Rest., L.P., 254 F.3d 753, 755 n. 2 (8th Cir. 2001); see also Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008) ("[T]he failure of one defendant to consent renders the removal defective . . . ."). The unanimity requirement "serves important interests—it prevents duplicative litigation and bars one defendant from imposing his forum of choice on co-defendants." Christiansen, 674 F.3d at 933. While the unanimity requirement should not be applied in "a 'hypertechnical and unrealistic manner,' " its application ought not be so elastic that it is "strip[ped] ... of its utility." Id. (quoting Bradley v. Maryland Cas. Co., 382 F.2d 415, 419 (8th Cir. 1967)).  In the Eighth Circuit, "it is not necessary for all defendants to actually sign the notice of removal so long as there is 'some timely filed written indication from each served defendant . . .  that the defendant has actually consented to the removal.'" Christiansen, 674 F.3d at 933 (quoting Pritchett, 512 F.3d at 1062) (emphasis added).

There are a number of issues before the Court pertaining to the removal procedures employed in this case. First is whether the Notice of Removal, which was filed by defendant Keylien and signed by its attorney only, was sufficient to meet the unanimity requirement for removal.  As noted in Amteco v. BWAY Corporation, it is common practice in the Eastern District of Missouri for an attorney to file a notice of removal that states that all defendants consent to removal, whether or not the attorney represents those defendants. 241 F. Supp 2d 1028, 1031 (E.D. Mo. 2003).  Most of the time the averment goes unchallenged, and any objection to it is waived.  Id.  However, if the propriety of the removal is challenged, Court agrees with the holding in Amteco that consent to removal from all defendants  "must be unambiguous, and it must be communicated directly to the

5

court . . . within the thirty-day time limit. " Id. at 1032. See also Christiansen, 674 F.3d at 933,

Pritchett, 512 F.3d at 1062.

Here, defendant Keylien states in its Notice of Removal that it became aware that the case

was removable on July 8, 2013, through service of the Memorandum of Notice, which stated that

plaintiffs had obtained service on defendant Lounsbury in Florida.  Id. at 1032.  Keylien removed

within 30 days of receiving the Memorandum of Notice, but the individual defendants did not join

in the Notice of Removal, which was only signed by Keylien's attorney, Thomas W. Hayde.  Mr.

Hayde made the representation in the Notice of Removal, which was filed on August 8, 2013, that

defendants Gleeson and Lounsbury consented to removal, but there was no evidence of their consent

provided, and no indication in the record that Mr. Hayde had the authority to speak on their behalf.[3]

The Court finds that Keylien's assertion in its Notice of Removal does not constitute consent

communicated by Gleeson and Lounsbury directly to the Court, as is required by the rule of

unanimity under Eighth Circuit law. Christiansen, 674 F.3d at 933 ("non-removing defendants who

wish to evince consent to removal should either sign the notice of removal or file a timely and

unequivocal consent to such course of conduct."); Pritchett, 512 F.3d at 1062. See also, Stewart v.

Mayberry, 4:09CV0569 TCM, 2009 WL 1735773 (E.D. Mo. June 18, 2009)("An assertion by a

removing defendant that he had the consent of all other defendants to the removal is insufficient.");

Amteco, 241 F. Supp.2d at 1032;  Dorsey v. Borg-Warner Automotive, Inc., 218 F. Supp.2d 817

(S.D. W.Va .2002) (consent to removal signed by counsel for removing defendant, who was not

counsel for co-defendants, did not constitute official and unambiguous consent to removal petition,

---

[4] Following plaintiffs' motion to remand, defendants did provide undisputed evidence that
counsel for Gleeson and Lounsbury told Mr. Hayde that he consented to removal in July 2013. This
information, however, was not communicated to the Court at the time of removal, or within the 30-
day deadline for removal.

so as to satisfy requirement that all defendants join in notice of removal within 30 days, and thus remand was warranted; to satisfy requirement, all defendants, individually, or through their counsel, were required to voice their consent before the court, not through another party's attorney); Wakefield v. Olcott, 983 F. Supp. 1018 (D. Kan.1997) (defendant's representation in notice of removal that "[a]ll defendants consent" to removal was inadequate to demonstrate co-defendant's consent as required for removal and, thus, removal was defective, absent indication in record that co-defendant had independently and unambiguously filed notice of his consent and intent to join in removal).

The second issue before the Court is whether defendants Gleeson's and Lounsbury's consents were untimely, and if so, whether this defect warrants remand.  It is clear the consents were not timely. Consents for these two defendants were not provided to the Court until more than 60 days after service of the Memorandum of Notice indicating that defendant Lounsbury was served in Florida – the document which defendants allege placed them on notice that the case was removable.[4] On September 9, 2013, defendants Gleeson and Lounsbury filed a written notice with the Court indicating that they consented to removal. Gleeson and Lounsbury's attorneys entered their appearances and filed the written consents on the same day.  These filings were the first filings these defendants made in this Court, although the individual defendants had made numerous filings in state court, including answers to the petition. Notably, the consents were filed after plaintiffs' motion to remand, which was filed on September 6, 2013.

---

[5]According to the certificate of service, Gleeson's counsel was served with the Memorandum of Notice regarding Lounsbury's service in Florida, via U.S. mail, on July 8, 2013. Defendant Lounsbury was not served with the Memorandum of Notice – she had not entered an appearance, and she was the subject of the notice.  But defendant Lounsbury would have known, before July 8, 2013, that she was living in Florida.

Under Eighth Circuit law, defendants must  provide their consent to removal within 30-day deadline for removal.  Christiansen, 674 F.3d at 932 ("'Where there are multiple defendants, all must join in a [notice] to remove within thirty days of service.'") (quoting Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002)).  The Court finds Gleeson's and Lounsbury's consents were untimely and they render defective the removal of this case. Id. See also  Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2nd Cir. 2012) ("[A]ll defendants [must] consent to removal within the statutory thirty-day period, a requirement known as the rule of unanimity.");  Hurt v. District of Columbia, 869 F. Supp.2d 84, 87 (D. D.C. 2012) (remanding where co-defendant did not join notice of removal or file consent to removal until after plaintiff had filed motion to remand); Granovsky v. Pfizer, Inc., 631 F. Supp.2d 554, 563 (D. N.J. 2009) (finding statement in defendant's notice of removal, that co-defendant had orally consented to notice of removal did not cure defendant's failure to obtain co-defendant's consent within the 30 day removal period); Edelman v. Page, 535 F. Supp.2d 290, 291 (D. Conn. 2008) (finding notice of removal that was filed by only one defendant did not satisfy rule of unanimity, even though other defendants consented to removal in communications with that defendant within 30-day period, where those defendants did not file written consent to removal with court within applicable time period); Vasquez v. Americano U.S.A., LLC, 536 F. Supp.2d 1253, 1259 (D. N.M. 2008)  (co-defendants' failure to timely give consent to notice of removal rendered notice of removal procedurally defective, so as to warrant remand; because co-defendants had not signed actual notice of removal, they were required to file an independent and unambiguous notice of consent to join in the removal.);  Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F. Supp.2d 432, 438 (S.D. N.Y. 2006) (finding it insufficient for defendant who has not signed removal petition to merely advise removing defendant that it consents to removal and that removing defendant may represent such consent to court on its behalf. "Failure of any

defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely."); Marshall v. Skydive Am. South, 903 F.Supp. 1067, 1070 (E.D. Tex. 1995) (remanding and finding one defendant's unsupported allegation in notice of removal indicating consent of co-defendants to removal were not sufficient to properly join all defendants in removal action – "a defendant himself must consent to the removal."); Nathe v. Pottenberg, 931 F. Supp. 822, 824 (M.D. Fla.1995) (notice of removal in which each defendant did not join within 30 days failed to comply with procedural requirements for removal; plaintiff's motion to remand action was granted, even though counsel for moving defendant averred in notice of removal that non-signing defendant had consented to removal).

Finally, the Court must decide whether the defect in the removal procedures can be cured. Defendants Gleeson and Lounsbury attempted to cure the defect by filing a motion for leave to file their consents to removal out of time. Six days later, citing to Federal Rule of Civil Procedure 15, they filed a motion for leave to amend the Notice of Removal.  There is no controlling authority that provides that the procedural defect of untimely consent can be cured. Very recently, the Eighth Circuit considered a case where co-defendants had not joined the Notice of Removal, but they had filed a motion to dismiss within the 30-day removal period.  Christiansen, 674 F.3d at 933. In this case, the Eighth Circuit found that the co-defendants' filing of a motion to dismiss, which was filed within 30 days and expressed that removal was "appropriate," constituted "some timely filed written indication" of the co-defendants' consent to removal.  Christiansen, 674 F.3d at 933.  In making its decision, the Eighth Circuit chose not to express an opinion as to whether the unanimity requirement may be satisfied by the filing of a curative consent to removal after the 30-day period.  Id. ("[O]ur holding is limited to the specific facts of this case. We express no opinion regarding whether the unanimity requirement may be satisfied by the mere filing of motion to dismiss (silent on removal)

9

within thirty days of service, or the filing of a curative consent to removal after the thirty-day period."). The appellate court did warn, however, "that non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct."  Id. (emphasis added). In light of this directive and the fact that district courts have been instructed to strictly construe removal statutes and resolve doubts in favor of remand, Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007), this Court believes that the correct course of action in this case is to remand the cause of action to state court.  See also Hurt, 869 F. Supp.2d at 87 (remanding and finding subsequent attempt to personally sign notice of removal did not cure procedural defect where it was filed well beyond 30-day statutory window for removal); Daniel v. Anderson County Emergency & Rescue Squad, 469 F. Supp.2d 494, 497 (E.D. Tenn. 2007) (same); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp. 553, 559 (N.D. W.Va. 1997) (remanding and finding defect arising when notice of removal presented by only one defendant represents that counsel for another defendant consents to removal cannot be cured after a 30-day removal period has passed).

### III. Attorneys' Fees

In their memorandum in support of their motion to remand, plaintiffs request that the Court award them costs and fees. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of just costs, including attorneys' fees, in the discretion of the district court.  Under the facts of this case, the Court declines to award plaintiffs attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Angela Gruszka and Jered Gruszka's motion to remand is **GRANTED.** [Doc. 6]

**IT IS FURTHER ORDERED** that defendants Lisa M. Gleeson and Dawn B. Lounsbury's motion for leave to file consent to removal out of time is **DENIED.** [Doc. 11]

**IT IS FURTHER ORDERED** that defendants Keylien Corporation, Lisa M. Gleeson, and Dawn B. Lounsbury's motion for leave to amend Notice of Removal is **DENIED.** [Doc. 13]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

An appropriate Order of Remand will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __30th____ day of December, 2013.

11